IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS, ET AL., </br></br>Plaintiffs, </br></br>vs. </br></br>HK FENCE, LLC, ET AL., </br></br>Defendants. | CIVIL NO. 16-00598 DKW-RLP </br></br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HK FENCE, LLC |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HK FENCE, LLC[1]

Plaintiffs filed their Motion for Default Judgment Against Defendant HK Fence, LLC on December 21, 2016 ("Motion"). ECF No. 13.  Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 13-5.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 14.  After careful consideration of the Motion, the declaration, exhibits, and the record established in this action, the Court FINDS and RECOMMENDS that the Motion be GRANTED.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on November 7, 2016. ECF No. 1. The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Compl. ¶ 5. Contributions were to be paid on or before due dates specified in the collective bargaining agreement. Id. ¶ 5. Under the collective bargaining agreement, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 6. Plaintiffs claim that Defendant breached the collective bargaining agreement by failing to pay contributions, liquidated damages, and interest. Id. ¶¶ 11-14. Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, interest, attorneys' fees and costs. Id. ¶ 15. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on March 3, 2016. ECF No. 12. The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by

computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
>
> (2) the merits of plaintiff's substantive claim;
>
> (3) the sufficiency of the complaint;
>
> (4) the sum of money at stake in the action;
>
> (5) the possibility of a dispute concerning material facts;
>
> (6) whether the default was due to excusable neglect; and
>
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18

(9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A.  Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended.  See 29 U.S.C. §§ 1132(e), 1145.  Second, the Court has personal jurisdiction over Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the

jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  Here, Plaintiffs assert that service was made on Defendant through its agent, Hendrick Kaio, on November 21, 2016.  ECF No. 10, 11.  This service is sufficient under 29 U.S.C. § 1132(e)(2).

### B. **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.  The Court will address each factor in turn.

#### 1. **The Possibility of Prejudice to Plaintiffs**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

#### 2. **Merits of Plaintiffs' Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiffs brought this action against Defendant for unpaid contributions.  See 29 U.S.C. §§ 1132(a), 1145; ECF No. 1 ¶¶ 5-12.  The terms of the collective bargaining

agreements require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees.  ECF No. 1 ¶ 5; ECF No. 1-1.  Defendant employed workers covered by the collective bargaining agreements and those workers performed work for Defendant when the collective bargaining agreements were in effect.  ECF No. 1 ¶ 14.  Defendant failed to make required contributions.  Id. ¶ 15.  The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant.  Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  Plaintiffs seek $50,144.11 for delinquent contributions, liquidated damages, and interest, plus additional interest at a rate of $11.35 per day from November 4, 2016, until entry of judgment, plus legal interest from the date of judgment.  ECF No.

13 at 2. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreements. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny that it failed to pay the contributions; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant on November 21, 2016. ECF No. 10. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on December 21, 2016. ECF No. 13-5. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not

to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Damages

Plaintiffs request the following: (1) $34,522.70 in delinquent contributions; (2) $9,151.83 in liquidated damages; (3) $5,833.58 in interest already incurred plus interest from November 4, 2016, until the entry of judgment; and (4) $636.00

for costs already incurred.  ECF No. 13-1.  Each category of requested relief is addressed below.

### 1. Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $34,522.70.  In support of this contention, Plaintiffs submitted the declaration of Troy Tonini, the Payroll Audit Supervisor and Collections Representative for Plaintiffs' trust administrator ("Tonini Decl.").  ECF No. 13-2.  According to Mr. Tonini, the reports submitted by Defendant reflect $34,522.70 in outstanding contributions for the relevant time period of April 2014 through March 2016.  Tonini Decl. ¶ 4.  The Court finds Plaintiffs have established damages in the amount of $34,522.70 for delinquent contributions.

### 2. Liquidated Damages

Plaintiffs seek liquidated damages in the amount of $9,151.83.  This amount is itemized in Mr. Tonini's declaration.  See Tonini Decl. ¶ 4, ECF No. 13-2.  However, 29 U.S.C. § 1132(g)(2) provides that Plaintiffs are entitled to recover liquidated damages "in an amount not in excess of 20 percent" of delinquent trust fund contributions.  See 29 U.S.C. § 1132(g)(2).  Additionally, the terms of the collective bargaining agreement provide that Plaintiffs can recover "liquidated damages in the amount of twenty (20) percent of such delinquent and unpaid contributions."  ECF No. 1-1 at 20.  The amount requested by

Plaintiff exceeds twenty percent of the delinquent contributions. Accordingly, based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs are entitled to liquidated damages in the amount of $6,904.54, which is twenty percent of the $34,522.70 amount of delinquent contributions.

### 3. Interest

Plaintiffs seek $5,833.58 in interest already incurred through November 4, 2016, plus interest from November 4, 2016, until the entry of judgment at a rate of $11.35 per day. This amount is itemized in Mr. Tonini's declaration. See Tonini Decl. ¶ 4, ECF No. 13-2. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover interest on the unpaid contributions. See ECF No. 1-1 at 20; 29 U.S.C. § 1132(g)(2). Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established damages in the amount of $5,833.58 in interest already incurred plus interest from November 4, 2016, until the entry of judgment.

### 4. Costs

The collective bargaining agreement requires Defendant to pay "all audit and collection costs" as well as "costs of the

action" if the delinquency is turned over to an attorney for collection.  ECF No. 1-1 at 20.  Here, Plaintiffs request $636.00 for costs incurred in filing this action and service of process.  ECF No. 13-3.  Based on the information submitted with the Motion, the Court finds that Plaintiffs are entitled to an award for the $636.00 in costs reasonably incurred in this action.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment Against Defendant HK Fence, LLC be GRANTED as follows:

(1)  Default judgment be entered in Plaintiffs' favor and against Defendant HK Fence, LLC;

(2) Plaintiffs be awarded the following damages: (1) $34,522.70 in delinquent contributions; (2)  $6,904.54 in liquidated damages; (3) $5,833.58 in interest already incurred through November 4, 2016, plus interest from November 4, 2016, until the entry of judgment at a rate of $11.35 per day; and (4) $636.00 for costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 17, 2017.

_____
Richard L. Puglisi
United States Magistrate Judge

**TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS, ET AL. v. HK FENCE, LLC, ET AL.; CIVIL NO. 16-00598 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HK FENCE, LLC**